# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*,[1]<br><br>                            Debtors, | Chapter 7<br><br>Case No. 19-12153 (KBO)<br>(Jointly Administered)<br><br>**Re: D.I. 811** |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee for the jointly administered bankruptcy estates of Bayou Steel BD Holdings, L.L.C., *et al.*,<br><br>                            Plaintiff,<br><br>   v.<br><br>BLACK DIAMOND CAPITAL MANAGEMENT, L.L.C.; BDCM OPPORTUNITY FUND IV, L.P.; BLACK DIAMOND COMMERCIAL FINANCE, L.L.C.; SAM FARAHNAK; PHIL RAYGORODETSKY; ROB ARCHAMBAULT; TERRY TAFT; and BOB UNFRIED,<br><br>                            Defendants. | Adv. Pro. No. 21-51013 |

### SECOND ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY, TO THE EXTENT APPLICABLE, TO ALLOW PAYMENT OF DEFENSE COSTS AND OTHER LOSSES UNDER DIRECTORS AND <u>OFFICERS INSURANCE POLICY</u>

Upon the request ("<u>Request</u>") of Sam Farahnak and Phil Raygorodetsky

(collectively, the "<u>Former Directors</u>") as set forth in the *Certification of Counsel Regarding Second*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Bayou Steel BD Holdings, L.L.C., a Delaware limited liability company (1984), BD Bayou Steel Investment, LLC, a Delaware limited liability company (1222), and BD LaPlace, LLC, a Delaware limited liability company (5783).

DE: 236641.2 57095/00

*Order Granting Motion for Relief from the Automatic Stay, to the Extent Applicable, to Allow Payment of Defense Costs and Other Losses Under Directors and Officers Insurance Policy* (the "Certification") for entry of an order (a) confirming that the proceeds payable to the Former Directors under the Policy[2] are not property of the Debtors' estates subject to the automatic stay under 11 U.S.C. § 362(a); or (b) granting relief from or modifying the automatic stay under 11 U.S.C. § 362(d)(1), to the extent that it may be applicable, to allow Chubb to make payments or advancements of defense costs or other losses to Former Directors, consistent with the terms and conditions of the Policy; and it appearing that due and sufficient notice of the Motion has been given; and no other or further notice need be provided; and the Court having considered the Motion and any objections or responses thereto; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED** that

1. The relief requested in the Certification is granted as set forth herein.

2. To the extent that the automatic stay imposed under section 362(a) of the Bankruptcy Code is applicable, it is lifted and modified to allow Chubb to make payments or advancements in accordance with the terms and conditions of the Policy.

3. For the avoidance of doubt, the Court is not making a determination at this time as to whether any of the proceeds of the Policy are property of the Debtors' bankruptcy estates. The parties' rights, claims, and defenses therewith are fully reserved. However, the Court finds, in entering this Order, that the Former Directors have an interest in the Policy and its proceeds and that Chubb may and is permitted to advance or pay defense costs or other losses incurred by the Former Directors in accordance with the terms and conditions of the Policy and this

---

[2] Capitalized terms not otherwise defined herein shall have their meaning as set forth in *Motion for Relief from the Automatic Stay, to the Extent Applicable, to Allow Payment of Defense Costs and Other Losses Under Directors and Officers Insurance Policy* [D.I. 801].
DE: 236641.2 57095/00

Order, notwithstanding the Debtors' bankruptcy filing or the automatic stay.

4.      The automatic stay imposed under section 362(a) of the Bankruptcy Code shall not subject Chubb to liability for advancing any payment in connection with past, present, and/or future defense costs and other losses incurred by any Former Directors with respect to the Trustee Lawsuit or any other action or Claim covered by the Policy, subject to Chubb's reservation of rights.

5.      Following entry of this Order and until further order of the Court, the Former Directors shall provide a monthly written statement (collectively, the "Statements") to counsel for the Trustee of the total aggregate dollar amount of Policy proceeds actually paid to the Former Directors or on behalf of the Former Directors during the preceding calendar month with respect to advancement, reimbursement or other payment in connection with the Trustee Lawsuit or any action or Claim covered by the Policy. The Statement may be in the form of a letter or email to the Trustee's counsel, and the Former Directors in their discretion may cause such Statement to be delivered individually or in the aggregate on their behalf. The Statement(s) will be delivered to the Trustee's counsel within fifteen (15) days after the conclusion of the prior month.  The Statements are intended to allow the Trustee to monitor defense costs and other losses billed to, as well as paid out, by Chubb under the Policy.  The Statements shall not include any requirement that the Former Directors or their counsel disclose to the Trustee, his counsel or anyone else, any information or documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or confidentiality (including, without limitation, any description of work performed, billing statements or time entries).  All such privileges and confidentialities are hereby deemed expressly preserved.

6.      This Order is without prejudice to the rights of the Trustee, after review of the Statements, or of either Former Director, by motion on due and appropriate notice to the Trustee and/or the Former Directors and an opportunity to be heard, to seek entry of an order reinstating

DE: 236641.2 57095/00

the automatic stay to the extent necessary to limit further payments or advancements of costs to or on behalf of either Former Director or for a determination that Policy proceeds are not property of the estate subject to the automatic stay.

7. Nothing in this Order modifies the terms and conditions of the Policy, including, but not limited to, the payment of priority provisions. All parties shall reserve their rights under the Policy.

8. The Trustee and Former Directors reserve any and all rights, claims, defenses and causes of action.

9. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: December 16th, 2021
Wilmington, Delaware

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**

DE: 236641.2 57095/00