IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*,[1] | ) ) ) | Case No. 19-12153 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee for the jointly administered bankruptcy estates of Bayou Steel BD Holdings, L.L.C., *et al.*, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Adv. Proc. No. 21-51013 (KBO) |
| v. | ) ) | |
| BLACK DIAMOND CAPITAL MANAGEMENT, L.L.C., *et al.*, | ) ) ) | **Related to Docket No. 122** |
| Defendants. | ) ) | |

**MEMORANDUM ORDER DENYING THE TRUSTEE'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Upon consideration of the *Plaintiff's Motion for Leave to File Second Amended Complaint* (the "Motion")[2] and all briefing and submissions filed in support of and in opposition to the Motion, it is hereby **FOUND** and **CONCLUDED**[3] that:

1.  The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b). Venue is proper pursuant to 28 U.S.C. § 1409(a).

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are: Bayou Steel BD Holdings, L.L.C. (1984), BD Bayou Steel Investments, LLC (1222), and BD LaPlace LLC (5783).

[2] Adv. D.I. 122.

[3] Despite requested by the parties, the Court need not hear oral argument on the Motion. The parties have adequately presented the relevant facts and legal arguments in their briefs. Further argument will not aid the Court's decision-making.

   2. The Trustee[4] seeks leave to amend his current complaint for the second time to add a new claim (Count XIV) and to augment and revive existing claims (Counts IX, X, and XII) against the Defendants.[5] The requested amendments relate to the Distribution as well as the BD Term Loan, BD Lien Grant, the Subordinated Loan and Security Agreement, and Guaranty (collectively, the "Loan Transactions"). In sum, the Trustee alleges the Distribution and Loan Transactions were not authorized by the Bayou Holdings' Board of Directors in accordance with the Bayou Holdings LLC Agreement and, therefore, were ultra vires.[6]

   3. After amending once, a plaintiff may further amend its pleadings only with leave of the court or the written consent of the opposing party.[7] The grant or denial of leave to amend is left to the court's discretion.[8] "In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party."[9] The Defendants oppose the Motion on three grounds – undue delay, futility, and prejudice.[10] The Court need not discuss futility or prejudice because it will deny the Motion for undue delay.

   4. Delay is considered undue when an unwarranted burden is placed on the court or when a requesting party had previous opportunities to amend.[11] The latter circumstance is present because the Trustee had the opportunity to assert his ultra vires claims years ago. The Trustee possessed the Bayou Holdings LLC Agreement no later than three years ago when Defendants moved to dismiss the Trustee's initial complaint.[12] Furthermore, the Trustee alleged in his initial complaint that the Distribution occurred without Board resolution or consent.[13] The same could

---

[4] Capitalized terms used but undefined herein shall have the meanings ascribed to them in the Trustee's proposed Second Amended Complaint. *See* Adv. D.I. 122, Ex. A.

[5] Given the narrow relief addressed in this Memorandum Order, the Court writes solely for the parties. This proceeding is set forth in more detail in the Court's 2022 and 2023 Memorandum Orders addressing Defendants' prior requests for dismissal. *See* Adv. D.I. 56, 76.

[6] *See* Adv. D.I. 122, ¶¶ 125–26, 130–31, 137–38.

[7] Fed. R. Civ. P. 15(a).

[8] *DISH Tech. L.L.C. v. FuboTV Media Inc.*, No. 23-986, 2024 WL 2300928, at *1 (D. Del. May 21, 2024) (citing *Foman v. Davis*, 372 U.S. 178 (1962)).

[9] *Battaglia Mgmt., Inc. v. Abramowicz*, No. 23-615, 2024 WL 3183603, at *5 (D. Del. June 26, 2024); *see also Miller v. ANConnect, LLC* (*In re Alchemy, LLC*), Ch. 11 Case No. 16-11596, Adv. No 18-50633, 2019 WL 4447541 (Bankr. D. Del. Sept. 16, 2019).

[10] *See* Adv. D.I. 124, 125.

[11] *Giulian v. Haskett* (*In re MCG Ltd. P'ship*), 545 B.R. 74 (Bankr. D. Del. 2016) (citing *SRI Int'l v. Internet Sec. Sys.*, 817 F. Supp. 2d 418, 422 (D. Del. 2011) (denying plaintiff leave to amend when it had twice prior amended the complaint)); *see also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (finding undue delay where a party sought amendment three years after the original complaint and two years after the first amended complaint and knew of the facts on which the proposed amendment was based at the time of the original complaint).

[12] *See* Adv. D.I. 26, Ex. A-C.

[13] *See* Adv. D.I. 1 ¶ 80 ("The Board did not execute any resolutions or written consents approving the . . .

have been asserted at that time with respect to the Loan Transactions. The Trustee offers no satisfactory explanation why it was not. Rather, he argues that additional facts recently made known to him with respect to the Loan Transactions confirmed that board approval was not obtained.[14] He fails to explain why, unlike the Distribution, this confirmation was needed for the Loan Transactions before he could assert a lack of corporate authorization. The request to add the ultra vires claims appears to be an attempt to craft a non-exculpated claim with respect to the Loan Transactions in response to the Court's previous dismissal opinions. It could and should have been asserted long ago.

      Therefore, based upon the foregoing, it is hereby **ORDERED** that the Motion is denied.

Dated: October 8, 2024

                                      Karen B. Owens
                                      United States Bankruptcy Judge

---

the Distribution.").

[14] The Trustee argues that the following additional facts previously unknown to him warrant the amendment to allow his ultra vires theory:

    (i) that during Raygorodetsky's May 10, 2024, deposition, it was confirmed that Farahnak executed the Subordinated Loan and Security Agreement on behalf of parent Bayou Holdings and subsidiary BD LaPlace;

    (ii) that on May 16, 2024, the Black Diamond Defendants produced a small number of documents consisting of signed signature pages from the BD Term Loan and BD Lien Grant that were previously withheld; and

    (iii) that on June 17, 2024, the Black Diamond Defendants produced over 440 pages of executed documents memorializing the BD Term Loan, the BD Lien Grant and related transactions, among which was an unsigned 2017 "Unanimous Written Consent of the Board of Directors of Bayou Steel Holdings, L.L.C.," purporting to be the Board of Director's authorization for the aforementioned transactions with signature lines for only two of its five members.

Adv. D.I. 127, at 2–4.

have been asserted at that time with respect to the Loan Transactions. The Trustee offers no satisfactory explanation why it was not. Rather, he argues that additional facts recently made known to him with respect to the Loan Transactions confirmed that board approval was not obtained.[14] He fails to explain why, unlike the Distribution, this confirmation was needed for the Loan Transactions before he could assert a lack of corporate authorization. The request to add the ultra vires claims appears to be an attempt to craft a non-exculpated claim with respect to the Loan Transactions in response to the Court's previous dismissal opinions. It could and should have been asserted long ago.

Therefore, based upon the foregoing, it is hereby **ORDERED** that the Motion is denied.

Dated: October 8, 2024

Karen B. Owens
United States Bankruptcy Judge

---

the Distribution.").

[14] The Trustee argues that the following additional facts previously unknown to him warrant the amendment to allow his ultra vires theory:

    (i) that during Raygorodetsky's May 10, 2024, deposition, it was confirmed that Farahnak executed the Subordinated Loan and Security Agreement on behalf of parent Bayou Holdings and subsidiary BD LaPlace;

    (ii) that on May 16, 2024, the Black Diamond Defendants produced a small number of documents consisting of signed signature pages from the BD Term Loan and BD Lien Grant that were previously withheld; and

    (iii) that on June 17, 2024, the Black Diamond Defendants produced over 440 pages of executed documents memorializing the BD Term Loan, the BD Lien Grant and related transactions, among which was an unsigned 2017 "Unanimous Written Consent of the Board of Directors of Bayou Steel Holdings, L.L.C.," purporting to be the Board of Director's authorization for the aforementioned transactions with signature lines for only two of its five members.

Adv. D.I. 127, at 2–4.