**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 19-12153 (KBO)<br>(Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee for the jointly administered bankruptcy estates of Bayou Steel BD Holdings, L.L.C., *et al.*,<br><br>Plaintiff,<br>v.<br><br>BLACK DIAMOND CAPITAL MANAGEMENT, L.L.C., *et al.*,<br><br>Defendants. | Adv. No. 21-51013 (KBO)<br><br>**Objection Deadline: April 16, 2025 at 4:00 p.m. (ET)**<br>**Hearing Date: To be determined** |

**MOTION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE, TO APPROVE SETTLEMENT AGREEMENT WITH BLACK DIAMOND DEFENDANTS**

George L. Miller, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), hereby respectfully submits this motion (the "Motion") for entry of an order (the "Approval Order"), substantially in the form attached hereto as Exhibit A, under sections 105 and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are: Bayou Steel BD Holdings, L.L.C. (1984), BD Bayou Steel Investment, LLC (1222), and BD LaPlace, LLC (5783).

Settlement Agreement (the "Settlement Agreement")[2] by and among the following parties (referred to collectively as the "Settling Parties" and individually as a "Settling Party"): (a) George L. Miller, solely in his capacity as the Chapter 7 Trustee (the "Trustee") for the jointly administered Chapter 7 bankruptcy estates of Bayou Steel BD Holdings, L.L.C. ("Bayou Holdings"), BD Bayou Steel Investment, LLC ("Bayou Investment"), and BD LaPlace, LLC ("BD LaPlace") (collectively, "Debtors"); and (b) Defendants Black Diamond Capital Management, L.L.C. ("BDCM LLC"), BDCM Opportunity Fund IV, L.P. ("Fund IV"), Black Diamond Commercial Finance, L.L.C. ("BDCF"), Phil Raygorodetsky ("Raygorodetsky"), and Sam Farahnak ("Farahnak") (Defendants BDCM LLC, Fund IV, BDCF, Raygorodetsky, and Farahnak are referred to collectively as the "Black Diamond Defendants" or the "Settling Defendants.) A copy of the Settlement Agreement is attached to the proposed form of order as Exhibit 1. In support of this Motion, the Trustee respectfully states as follows:

## **Jurisdiction**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware,* dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Trustee confirms his consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

[2] Capitalized terms not otherwise defined herein shall have their meaning as set forth in the Settlement Agreement.

2. Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and rule bases for the relief sought herein are sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019.

**Background**

4. On October 1, 2019 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and the cases are being jointly administered under the caption *In re Bayou Steel BD Holdings, L.L.C., et al.*, U.S.B.C. D. Del. Case No. 19-12153 (KBO).

5. On February 25, 2020, the Bankruptcy Court entered an Order converting Debtors' Chapter 11 cases to cases under Chapter 7 of the Bankruptcy Code (the "Chapter 7 Cases").

6. Plaintiff George L. Miller was duly appointed Chapter 7 Trustee of Debtors' bankruptcy estates and presently serves in that capacity.

7. On August 11, 2021, the Trustee commenced an adversary proceeding by filing a Complaint in the Bankruptcy Court against the Black Diamond Defendants and Defendants Rob Archambault ("Archambault"), Terry Taft ("Taft"), and Bob Unfried ("Unfried") (Defendants Archambault, Taft and Unfried are referred to collectively as the "Independent Director Defendants") captioned, *Miller v. Black Diamond Capital Management, L.L.C., et al.*, Adv. No. 21-51013 (KBO) (the "Adversary Proceeding").

8. The Trustee and the Independent Director Defendants reached a settlement which was approved by the Bankruptcy Court by Order entered December 3, 2024 (D.I. 149).

9. The Trustee and the Black Diamond Defendants participated in a mediation in New York City on February 26, 2025, before JAMS mediator Jed Melnick, Esquire, which continued remotely for approximately a month (the "Mediation").

10. Debtors purchased a Directors & Officers Liability Insurance Policy (the "Policy") from Federal Insurance Company (Chubb) (the "Insurer") identified as Policy Number 8251-3132, and the Black Diamond Defendants have available an additional insurance policy (referred to collectively with the Policy as the "Policies") through one or more carriers (referred to collectively with the Insurer as the "Insurers") in connection with the Trustee's claims in the Adversary Proceeding.

11. The Trustee and the Black Diamond Defendants have settled the Trustee's claims against the Black Diamond Defendants in accordance with the terms and conditions of the Settlement Agreement.

12. The Insurers participated in the Mediation and have approved the Settlement Agreement.

**Summary of Settlement Agreement[3]**

13. As set forth in the attached Settlement Agreement, the primary terms of the Settlement Agreement are as follows:

a. Within fifteen (15) days following the Effective Date, the Settling Defendants and/or the Insurers shall cause payment(s) to the Trustee of their respective share of the total sum of Fourteen Million Two Hundred Fifty Thousand Dollars ($14,250,000) in immediately available funds (the "Settlement Payment"), by either (i) check to the address provided separately by the Trustee, or (ii) by wire transfer to the account provided separately by the Trustee; *provided*, however, that prior to the Effective Date the Trustee shall provide to the Insurers (through Settling Defendants' counsel): (a) a Form W-9, and (b) complete payment

[3] The summary set forth in the Motion is only a summary. To the extent the summary conflicts with the actual terms of the Settlement Agreement, the actual terms of the Settlement Agreement shall control.

instructions (including for wire payments the name and contact information for the natural person that can be contacted to confirm the instructions).

b. Fund IV and BDCF have filed proofs of claim, and asserted claims against the Debtors (collectively, the "Black Diamond Claims"). BDCF and Fund IV have asserted a right to receive the proceeds collected and held by the Trustee on account of the liquidation and recovery of Debtor property in which each claimed a security interest, which the Trustee represents total $26,909,662.80 as of March 3, 2025, and are reduced by approximately $3,800.00 each month on account of bank fees (the "BDCF Collateral").

c. Within three (3) days after the Trustee receives the Settlement Payment, the Trustee shall release and wire transfer the funds identified above representing the BDCF Collateral to BDCF or Fund IV, in accordance with the instructions provided by the Black Diamond Defendants.

d. Upon receipt of the BDCF Collateral, the Settling Defendants waive all claims they have or might have had against the Trustee and the Debtors' estates in the Chapter 7 Cases, including the Black Diamond Claims.

e. The Settling Defendants irrevocably, unconditionally, fully, finally and forever waive and release any and all rights to object to the fees and expenses of the Trustee and the Trustee's professionals incurred in the Chapter 7 Cases, and to the Trustee's administration of the Chapter 7 Cases.

f. The Trustee consents to the Insurers' payment of their respective shares of the Settlement Payment and defense costs in the Adversary Proceeding.

g. The Settling Defendants shall not make any application for sanctions pursuant to Federal Rule of Civil Procedure 11 or any other court rule or statute with respect to any claims or defenses in the Adversary Proceeding. The Trustee shall not make any application for sanctions against the Settling Defendants pursuant to Federal Rule of Civil Procedure 11 or any other court rule or statute with respect to any claims or defenses in the Adversary Proceeding.

h. The Settling Parties will exchange mutual releases.

i. No later than three (3) business days after the Trustee's receipt of the Settlement Payment, the Trustee will file the stipulation attached as **Exhibit A** to this Agreement dismissing, *with prejudice*, the Adversary Proceeding (the "Dismissal Stipulation").

## Relief Requested

14. By this Motion, the Trustee seeks entry of an order approving the Settlement Agreement, which, as stated above, is attached as Exhibit 1 to the proposed form of order.

## Basis for Relief Requested

15. Section 105(a) of the Bankruptcy Code provides in relevant part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 105(a) has been interpreted to expressly empower bankruptcy courts with broad equitable powers to "craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to obtain." *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003) (en banc). Bankruptcy Rule 9019 governs the procedural prerequisites to approve a settlement, providing that:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

16. Settlements in bankruptcy are favored as a means of minimizing litigation, expediting the administration of the bankruptcy estate, and providing for the efficient resolution of bankruptcy cases. *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996). Bankruptcy Rule 9019 provides that on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. In deciding whether to approve a settlement pursuant to Bankruptcy Rule 9019, the court should determine whether the compromise is fair, reasonable, and in the interests of the estates. *In re Marvel Entertainment Group, Inc.*, 222 B.R.

243, 249 (D. Del. 1998). The decision whether to accept or reject a compromise lies within the sound discretion of the court. *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986).

17. In making this determination, the United States Court of Appeals for the Third Circuit has provided four criteria that a bankruptcy court should consider: (a) the probability of success in litigation; (b) the likely difficulties in collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors. *Martin*, 91 F.3d at 393. Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. *Id.* at 395.

18. When applying the *Martin* factors to a particular motion, "the court is not supposed to have a 'mini-trial' on the merits, but should canvass the issues to see whether the settlement falls below the lowest point in the range of reasonableness." *Aetna Casualty & Surety Co. v. Jasmine, Ltd (In re Jasmine, Ltd)*, 258 B.R. 119, 123 (D.N.J. 2000) (internal quotations omitted); *see also In re TSIC, Inc.*, 393 B.R. 71, 79 (Bankr. D. Del. 2008); *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006). Although approval of a compromise is within the "sound discretion" of the bankruptcy court (*World Health*, 344 B.R. at 296), the court should not substitute its judgment for that of a trustee or debtor in possession. *In re Parkview Hosp.-Osteopathic Med. Ctr.*, 211 B.R. 603, 610 (Bankr. N.D. Ohio 1996). The ultimate inquiry is whether the compromise is "fair, reasonable, and in the interests of the estate." *TSIC*, 393 B.R. at 78. A court need not be convinced that a proposed settlement is the best possible settlement, but "must conclude that it is within the reasonable range of litigation possibilities." *World Health,* 344 B.R. at 296 (internal citations omitted).

19. The Trustee believes the Settlement Agreement is fair and reasonable and is in the best interests of the Debtors' estates and creditors and should be approved pursuant to Bankruptcy Rule 9019. It is the product of good-faith discussions and arms' length bargaining among the Parties, with the assistance of an experienced mediator. For the reasons outlined below, the Trustee believes that the Settlement Agreement is in the best interests of the Debtors' estates.

20. The Settlement Agreement resolves the ongoing costly litigation with the Black Diamond Defendants and concludes the Adversary Proceeding in return for $14,250,000.00 in cash and the benefit of the waived claims. The settlement avoids the uncertainty of continued litigation with the potential for lengthy appeals.

21. Aside from the standards under Rule 9019, a settlement of claims and causes of action by a trustee constitutes a use of property of the estate. *See e.g. Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346, 350-51 (3d Cir. 1999). If a settlement is outside of the ordinary course of business of the debtor, it requires approval of the bankruptcy court pursuant to section 363(b) of the Bankruptcy Code. *See id.*; *see also Martin*, 91 F.3d at 395 n.2 ("Section 363 of the Code is the substantive provision requiring a hearing and court approval; Bankruptcy Rule 9019 sets forth the procedure for approving an agreement to settle or compromise a controversy."). Courts normally defer to the trustee's business judgment so long as there is a legitimate business justification. *See id.*; *see also Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (Bankr. D. Del. 1999) (trustee need only have a "sound business purpose" to justify use of estate property pursuant to section 363(b)).

22. Here, the Trustee submits that approval under section 363(b) of the Bankruptcy Court is appropriate. The Settlement Agreement provides for, among other terms, a substantial payment to the estate in return for the settlement by the Trustee of claims against the Black Diamond Defendants. *See Northview Motors*, 186 F.3d at 350 (settling a claim against a third party constitutes a sale of the claim under section 363 and subject to court approval). The Trustee, in an exercise of his sound business judgment, submits that the Settlement Agreement is fair, reasonable, and appropriate and should be approved by this Court.

**Notice**

23. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) the Black Diamond Defendants; and (c) parties requesting notice pursuant to Bankruptcy Rule 2002. The Trustee submits that no other or further notice is necessary or required.

WHEREFORE, the Trustee respectfully requests that the Court grant the Motion, approve the Settlement Agreement, enter the proposed order, and grant such other relief as is just and proper.

Dated: April 2, 2025

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*

Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
P O Box 8705
Wilmington, DE 19899 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: bsandler@pszjlaw.com
crobinson@pszjlaw.com
pkeane@pszjlaw.com

Counsel to George L. Miller, Chapter 7 Trustee